IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GENE BROADNAX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11CV791 |
| ) | |
| SUP'T P.C.I. TODD PINION, et al., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Gene Broadnax, has submitted a *pro se* complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Todd Pinion, the Superintendent of a prison where Plaintiff was formerly housed, as well as four guards at that facility, John Smith, John Cook, John Shue, and "John C.J.," as defendants in the action. Plaintiff alleges that Pinion assigned him to work in the kitchen. The other defendants were prison employees working in the kitchen. Plaintiff claims that they allowed fellow prisoners working in the kitchen to mop without posting signs warning about the wet floor. While performing his kitchen duties, Plaintiff slipped and fell on the wet floor. Plaintiff claims to have suffered injuries as a result of the fall. He also alleges what he feels was unsatisfactory medical treatment following the fall. Plaintiff further alleges that he filed a grievance concerning the issue and was then subjected

to two retaliatory write-ups, a retaliatory search of his cell, and, finally, a retaliatory transfer to another correctional facility that was more uncomfortable and farther from his family. Plaintiff seeks $500,000 in compensatory and punitive damages for his medical injuries and an additional $250,000 in damages for the retaliatory acts. He also asks for injunctive relief requiring the posting of wet floor signs and the delaying of mopping until work hours are finished. Finally, he seeks the removal of defendants from their jobs and an end to retaliation against inmates for filing grievances.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. \_\_\_, \_\_\_, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting

*Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc).

For the reasons that follow, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Most of the allegations in Plaintiff's complaint are barred by the statute of limitations. The application of the appropriate statute of limitations is an affirmative defense that the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied*, ___ U.S. ___, 130 S.Ct. 2064 (2010), *and cert. denied*, ___ U.S. ___, 130 S.Ct. 3275 (2010).

Court may consider in this context. *See Eriline Company S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing *Nasim*, 64 F.3d at 955). The statute of limitations in this case is three years. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); *Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955.

Here, nearly all of the factual allegations in Plaintiff's complaint occurred more than three years prior to his filing of the complaint on September 21, 2011. He alleges that his initial fall happened on June 22, 2008, with his medical treatment occurring soon thereafter. He filed his grievance concerning the issue on August 10, 2008, and claims that the retaliatory write-ups occurred on August 31, 2008 and October 20, 2008. The date of the search of his cell is not given, but the Court will assume for the purposes of this Order and Recommendation that the complaint is written chronologically and that the search occurred after the second write-up. The same is true for Plaintiff's transfer, which would have necessarily occurred after any other retaliatory acts by Defendants. All of this means that only three of the alleged incidents in the complaint, the second retaliatory write-up, the

retaliatory search, and the retaliatory transfer fall within the limitations period. Claims related to Plaintiff's fall, medical treatment, and the first retaliatory write-up are time barred and should be dismissed for that reason.

Turning now to the remaining claims, the second retaliatory write-up and retaliatory search still do not state any proper claim for relief. Plaintiff alleges that he was given a disciplinary write-up on October 20, 2008, but also reports that the write-up was dismissed. He was never punished for the infraction and, therefore, cannot have been damaged. There is no possible relief to be granted to Plaintiff for the write-up. The same is true for the search. Plaintiff alleges only that his cell was searched. He does not allege that anything was improperly taken or damaged.

Finally, as to the transfer, it would be possible for Plaintiff to state a claim if he could prove a retaliatory transfer. However, it appears from § III of his complaint that he has not exhausted his administrative remedies as to that claim. The only grievance that he reports filing is from August of 2008, or necessarily before the allegedly retaliatory transfer. Plaintiff is required to exhaust all administrative remedies before bringing his retaliation claim in this Court. Therefore, this claim should also be dismissed, but without prejudice to Plaintiff refiling the claim after exhausting any available remedies.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted except as to Plaintiff's claim that he was subjected to a retaliatory prison transfer in response to his filing of a grievance. The complaint should be dismissed without prejudice to Plaintiff refiling that claim after he has exhausted his administrative remedies.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 13, 2011

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **GENE BROADNAX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:11CV791 |
| | ) | |
| **SUP'T P.C.I. TODD PINION, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;

2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;

3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;

4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and

5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____ Plaintiff's signature: _____